IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Prescription Pads TCPA Litigation* | ) <br> ) Case No. 13-cv-6897 <br> ) <br> ) Hon. Judge Amy St. Eve <br> ) <br> ) <br> ) |

**FINAL ORDER AND JUDGMENT**

WHEREAS Plaintiff, Class Counsel, and Defendant entered into a Class Action Settlement Agreement ("Settlement Agreement") to settle the Action; and

WHEREAS the Court granted preliminary approval of the Settlement Agreement on July 16, 2014, entered a Settlement Administration Order on August 25, 2014, and entered a Modified Order on October 6;

WHEREAS, the Court has preliminarily certified the proposed Class in this Action for settlement purposes under Fed. R. Civ. P. 23(b)(3) ("Settlement Class"), ordered notice to the Settlement Class, scheduled a Fairness Hearing for January 22, 2015, and provided the Settlement Class with an opportunity either to exclude themselves from the Settlement Class or object to the proposed settlement;

WHEREAS the Court held a Fairness Hearing on January 22, 2015, to determine whether to give final approval to the proposed settlement; and

WHEREAS the Court hereby grants final certification of the Settlement Class, approves the proposed Settlement, and dismisses the Action with prejudice (among other things).

Based on (1) the Plaintiff's Motion for Preliminary Approval of Class Action Settlement, (2) the Settlement Agreement and all exhibits thereto, (3) the evidence and arguments submitted

at the Fairness Hearing, and (4) the relevant law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. **Incorporation of Other Documents.** This Final Order and Judgment incorporates and makes a part hereof:

    a) the Settlement Agreement submitted to this Court on May 30, 2014, (with all capitalized terms herein having the same meaning as that given to them in the Settlement Agreement);

    b) the exhibits to the Settlement Agreement;

    c) the Court's July 16, 2014 Order granting Plaintiff's Motion for Preliminary Approval;

    d) the Court's Settlement Administration Order;

    e) the Court's Modified Settlement Administration Order;

    f) Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award;

    g) the exhibits to Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award;

    h) Plaintiff's Motion for Final Approval of Class Action Settlement; and

    i) the exhibits to Plaintiff's Motion for Final Approval of Class Action Settlement.

2. **Jurisdiction.** The Court has personal jurisdiction over the Settling Parties and has subject-matter jurisdiction over this Action including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, and to dismiss this Action on the merits and with prejudice.

3. **Factors Considered.** The Court rigorously applied the analysis set forth in *Kessler v. Am. Resorts Int'l*, 2007 WL 4105204, at *5 (N.D. Ill. Nov. 14, 2007), to determine whether the class action settlement is fair, adequate, and reasonable, and thus worthy of final approval. In *Kessler*, the court required that the following factors be considered: (1) the strength of plaintiffs' case compared to the amount of the settlement offer; (2) an assessment of the likely complexity of a trial; (3) the length and expense of the litigation; (4) the amount of opposition to settlement among affected parties; (5) the opinion of competent counsel; (6) the stage of the proceedings and the amount of discovery completed at the time of settlement. *Id.* (citing *Isby v. Bayh*, 75 F. 3d 1191 (7th Cir. 1996)).

After consideration of the evidence, arguments, and objections, if any, the Court concludes: (1) the Settlement, when compared to the strength of Plaintiff's case, is fair and reasonable; (2) this case would have involved a costly, complex, and expensive trial; (3) this case would have also involved lengthy discovery followed by extensive motion practice and, if necessary, a lengthy and expensive trial; (4) there is no opposition to the settlement among affected parties; (5) Class Counsel, with significant experience in class action litigation, believes this settlement is extremely beneficial to the Settlement Class; and (6) given the informal discovery exchanged, both Class Counsel and Defendant's Counsel were able to make informed decisions as to the merits of Plaintiff's claims vis-à-vis the fairness and adequacy of the proposed Settlement Agreement.

4. **Rule 23 Requirements are Met.** The Court finds that the prerequisites of Rule 23 of the Federal Rules of Procedure are satisfied for the Settlement Class. Specifically:

a) The size of the Settlement Class was sufficiently ascertainable from available records, and the Settlement Class is so numerous that its joinder before the Court would be impracticable.

b) The commonality requirement of Fed. R.Civ. P. 23(b)(3) generally is satisfied when members of the Settlement Class share at least one common factual or legal issue. Here, Plaintiff alleges numerous questions of fact and law purportedly common to the Settlement Class, including: (1) whether Defendant engaged in a pattern of sending fax advertisements; (2) the manner in which Defendant compiled or obtained its list of fax numbers; and (3) whether Defendant violated the TCPA. Considering the allegations of the Complaint, the Court finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Settlement Class.

c) The Court finds that the claims of the Plaintiff are typical of the claims of the other Settlement Class members, and that the Plaintiff will fairly and adequately protect the interests of the Settlement Class, in that: (1) the interests of the Plaintiff and the nature of their alleged claims are consistent with those of the Settlement Class, (2) there appear to be no conflicts between or among the Plaintiff and the Settlement Class, (3) Plaintiff has been and appears to be capable of continuing to be an active participant in both the prosecution and the settlement of the Action, and (4) Plaintiff and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, particularly those cases involving the type of claims alleged in the Complaint.

d) The Court finds that common issues predominate over individual issues among Settlement Class members because as alleged by Plaintiff, Defendant's conduct is *identical* with regard to all members of the Settlement Class.

e) The Court finds that a resolution of the Action in the manner proposed by the Settlement Agreement is superior or equal to other available methods for a fair and efficient resolution of the Action, in that, among other reasons, it will avoid the need for costly individual adjudications of the Settlement Class' claims, the management of the class action settlement will be much less difficult than the management of a mass joinder of actions, and, in the present circumstances, there will be no further litigation of the issues and no trial of the litigation. The Court also notes that, because the Action is being settled, rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

5. **Final Certification of Class.** After careful consideration, and in light of the conclusions stated above, the Settlement Class previously certified preliminarily is hereby finally certified for settlement purposes under Fed. R.Civ. P. 23(b)(3). The Settlement Class consists of:

> All individuals or entities in the United States or its Territories who were sent one or more facsimile advertisements from or on behalf of Defendant Rx Security, Inc. or who own the fax machines on which the facsimiles were received.

Specifically excluded from the Settlement Class are the following persons:

(i) Defendant and its subsidiaries and affiliates, employees, officers, directors, agents, and representatives and their family members;

(ii) All persons who made a timely election to be excluded from the Class;

      (iii)    Class Counsel; and

      (iii)    The judges who have presided over the Action.

6. **Adequacy of Representation.** Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and after considering the requisites set forth therein, the Court confirms its prior appointment of Class Counsel to represent the interests of the Settlement Class in the Action. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and after considering the requisites set forth therein, the Court confirms its prior appointment of North Suburban Chiropractic Clinic, Ltd. as Settlement Class representative, to appear on behalf of and to represent the Settlement Class in the Action. After conducting a rigorous analysis of the requirements of Fed. R.Civ. P. 23(a)(4), the Court finds that Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. Rule Civ. P. 23(a)(4).

7. **Class Notice.** As part of Plaintiff's Motion for Final Approval of Class Action Settlement, Plaintiff submitted the Declaration of Michael E. Hamer, a project manager with Heffler Claims Group, LLC, the Claims Administrator, which implemented the Settlement Class Notice Plan. After completing the necessary rigorous analysis, including careful consideration of this Declaration of Michael E. Hamer, the Court finds that the distribution of direct e-mail and fax notice, along with the internet posting, in accordance with the Settlement Notice Plan, the terms of the Settlement Agreement, and this Court's Preliminary Approval Order:

    a)  constituted the best practicable notice to Class Members under the circumstances of this action;

    b)  provided Class Members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement

     so that a full opportunity has been afforded to Class Members and all other persons wishing to be heard;

c) was reasonably calculated, under the circumstances, to apprise Class Members of: (1) the pendency of this class action, (2) their right to exclude themselves from the Settlement Class and the proposed Settlement, (3) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of representation by Plaintiff and Class Counsel, and/or the award of attorneys' fees), (4) their right to appear at the Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Settlement Class, and (5) the binding effect of the Preliminary Approval Order and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons who do not timely request exclusion from the Settlement Class;

d) was calculated to reach a large number of the Settlement Class, and the prepared notice documents adequately informed the Settlement Class of the class action, properly described their rights, and clearly conformed to the standards generally governing modern notice programs;

e) focused on the effective communication of information about the class action, were couched in plain and easily understood language, and were written and designed to the highest communication standards;

f) afforded sufficient notice and time to the Settlement Class to receive notice and decide whether to request exclusion or to object to the settlement;

g) was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice; and

h) fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.

8. **Claims Process.** The Court concludes that the Claim Form was well designed with clear and prominent information that is easily understandable to the Settlement Class. Any Settlement Class member who wished to receive Class Relief must have signed and returned a valid and timely Claim Form to the Settlement Administrator in compliance with the Settlement Class Notice Plan set forth in the Settlement Agreement and no later than December 12, 2014. Any Settlement Class member who did not submit a valid and timely Claim Form in compliance with the Settlement Class Notice is not entitled to Class Relief, but nonetheless is barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.

9. **Final Settlement Approval.** The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Parties and Class Counsel are hereby directed to consummate the Settlement Agreement according to its terms and provisions.

10. **Binding Effect.** The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Plaintiff and all other Settlement Class Members and any other Released Parties, and those terms shall have *res judicata* and other preclusive effect in

all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release.

    11.    **Release and Waiver.** The Release, which is set forth in the Settlement Agreement, including in sections 1 and 3, is expressly incorporated herein in all respects and is effective as of the date of this Final Order and Judgment. In return for the consideration provided in the Agreement:

    a) All Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by the Settlement Agreement and the Release, including sections 1 and 3 of the Settlement Agreement, and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Action or the Settlement.

    b) The release covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Action, this Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for Service Awards to Plaintiff.

    c) The Settlement Class Member Releasing Parties, and each of them, shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims and Unknown Claims against the Released Parties, and each of them.

d) The Settlement Class Member Releasing Parties and the Released Parties expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Settlement Class Member Releasing Parties and the Released Parties hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Settlement Class Member Releasing Parties and the Released Parties hereby agree and acknowledge that this is an essential term of the Releases. In connection with the Releases, the Settlement Class Member Releasing Parties and the Released Parties acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

e) Nothing in the Release shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.

12. **Permanent Injunction**. All Settlement Class Members who have not been properly excluded from the Settlement Class and all Settlement Class Member Releasing Parties, and anyone acting on their behalf or for their benefit, are hereby permanently barred and enjoined from: (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims, and (2) organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

13. **Objections to Settlement.** The Court provided all Settlement Class Members and their representatives, who complied with the requirements for objections and appearance at the Fairness Hearing set forth in the Preliminary Approval Order, a fair and adequate opportunity to object to the proposed settlement. There have been no objections to Settlement at this time.

14. **Enforcement of Settlement.** Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

15. **Attorneys' Fees and Expenses.** Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award is GRANTED. Class Counsel is awarded fees and costs in the amount of $175,000, and the name plaintiff and class representative is awarded an incentive payment of $5,000.

16. **Modification of Settlement Agreement.** The Parties are hereby authorized, without needing further approval from the Court and without further notice to the Settlement Class, to agree to and adopt such amendments to, and modifications and expansions of the Settlement Agreement as are consistent with this Order and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

17. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose, including, without limitation:

   a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and this Final Order and Judgment (including, without limitation, whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment, etc.);

   b) entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Settlement Class Members and Settlement Class Member

        Releasing Parties and anyone acting on their behalf or for their benefit from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Agreement.

18. **No Admissions.** Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein) nor any action taken to carry out this Final Order and Judgment is, may be construed as, or may be used as an admission or concession by or against the Defendant, as to the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever, or as to the certification of the Settlement Class herein for litigation purposes. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by the Defendant, Released Parties or Settlement Class Member Releasing Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

19. **Capitalized Terms.** Capitalized terms used in this Final Order and Judgment but not defined shall have the meaning ascribed to them in the Settlement Agreement.

20. **Dismissal of Action and Immediate Appeal.** Having determined there is no just reason for delay, the Court determines this Order is a Final Order and Judgment as to all claims in this case pursuant to Fed. R. Civ. P. 54(b), that this Final Order and Judgment shall be immediately appealable, and that any appeal from this Court's order on Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award shall not affect the finality of this Final Order and Judgment. This Action, and all individual and Class claims resolved in it, are hereby DISMISSED ON THE MERITS AND WITH PREJUDICE against Plaintiff and all other Settlement Class Members.

21. **CAFA Compliance.** The Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement. The Settlement Administrator sent the required Notice to the officials of each State in which the Settlement Class Member resides, and the appropriate Federal official. This Court finds that the Defendant's notice obligations under CAFA, and specifically 28 U.S.C. § 1715(b), have been satisfied and any notice required thereunder has been provided.

IT IS SO ORDERED:

DATE: January 22, 2015

_____
The Honorable Amy St. Eve, United States District Court Judge Northern District Of Illinois, Eastern Division